Georgia A. Staton, Bar #004863
Erin E. Byrnes, Bar #021015
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1752
Fax: (602) 200-7854
gstaton@jshfirm.com
ebyrnes@jshfirm.com
minuteentries@jshfirm.com

Attorneys for Defendants City of Phoenix, a
political subdivision of the State of Arizona;
David and Jane Doe Lake; Robert and Jane
Doe Conrad

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| BRIAN MICENSKY, | NO. CV 2006-2996-PHX-MHM |
| Plaintiff, | |
| v. | |
| CITY OF PHOENIX, a political subdivision of the State of Arizona; DAVID and JANE DOE LAKE; ROBERT and JANE DOE CONRAD; JOHN DOE and JANE DOE I-XX, | **DEFENDANTS' ANSWER** |
| Defendants. | |

Defendants City of Phoenix, David Lake and Robert Conrad, by and through undersigned counsel, for their answer to Plaintiff's Complaint admit, deny and allege as follows:

1. In answering Paragraph 1 of Plaintiff's Complaint, Defendants admit same.

2. In answering Paragraph 2 of Plaintiff's Complaint, Defendants admit that the City of Phoenix is a governmental entity and Defendants further admit that to the extent that David Lake and Robert Conrad, employees with the City of Phoenix Police

1725560.1
2/21/07

Department, acted within the course and scope of their employment, the City of Phoenix is vicariously liable for their actions except to the extent that Plaintiff's claims assert constitutional violations under 42 U.S.C. §1983.

3. In answering Paragraph 3 of Plaintiff's Complaint, Defendants admit that David Lake and Robert Conrad were residents of Maricopa County. With regards to the other allegations contained in Paragraph 3, Defendants are without sufficient information to admit or deny those allegations and therefore deny same.

4. In answering Paragraphs 4 and 5 of Plaintiff's Complaint, Defendants admit same.

5. In answering Paragraph 6 of Plaintiff's Complaint, Defendants admit only that David Lake and Robert Conrad were acting under color of state law at the time described in Plaintiff's Complaint. Defendants deny all remaining allegations.

6. In answering Paragraph 7 of Plaintiff's Complaint, Defendants admit that David Lake and Robert Conrad were acting in their individual capacities. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 7 and therefore deny same.

7. In answering Paragraph 8 of Plaintiff's Complaint, Defendants acknowledge only that Plaintiff has elected to sue the individually named Defendants in their individual capacities.

## GENERAL ALLEGATIONS

8. In answering Paragraph 9 of Plaintiff's Complaint, Defendants admit same.

9. In answering Paragraph 10 of Plaintiff's Complaint, Defendants admit same.

10. In answering Paragraph 11 of Plaintiff's Complaint, Defendants admit only that Plaintiff was detained because he was involved in a shooting which resulted in the death of another person.

11. In answering Paragraph 12 of Plaintiff's Complaint, Defendants deny that Plaintiff was denied the opportunity to seek shelter or obtain warmer clothing. Defendants are without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 12 and therefore deny same.

12. In answering Paragraphs 13, 14, 15, 16, 17 and 18 of Plaintiff's Complaint, Defendants admit only that Plaintiff asked to use the restroom; he was escorted to the restroom by David Lake. Defendants deny all remaining allegations contained therein.

13. In answering Paragraphs 19, 20, 21 and 22 of Plaintiff's Complaint, Defendants deny same.

## COUNT ONE

**(Alleged Violation of 42 U.S.C. §1983 – Illegal Search 4th and 14th Amendments)**

14. In answering Paragraph 23 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 22 as if fully set forth herein.

15. In answering Paragraph 24 of Plaintiff's Complaint, Defendants deny same.

16. In answering Paragraph 25 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any judgment against any of the Defendants individually or collectively.

///

## COUNT TWO

**(Alleged Violation of 42 U.S.C. §1983 – Substantive Due Process 14th Amendment)**

17. In answering Paragraph 26 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 22 as if fully set forth herein.

18. In answering Paragraph 27 of Plaintiff's Complaint, Defendants deny same.

19. In answering Paragraph 28 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any judgment against any of the Defendants individually or collectively.

## COUNT THREE

**(Alleged Violation of Article II, Section 8, Arizona Constitution**

**Disturbance of Private Affairs)**

20. In answering Paragraph 29 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 28 as if fully set forth herein.

21. In answering Paragraph 30 of Plaintiff's Complaint, Defendants deny same.

22. In answering Paragraph 31 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any judgment against any of the Defendants individually or collectively.

## COUNT FOUR

**(Alleged Invasion of Privacy)**

23. In answering Paragraph 32 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 31 as if fully set forth herein.

24. In answering Paragraph 33 of Plaintiff's Complaint, Defendants deny same.

25. In answering Paragraph 34 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any judgment against any of the Defendants individually or collectively.

## COUNT FIVE

### (City of Phoenix *Respondeat Superior* Liability)

26. In answering Paragraph 35 of Plaintiff's Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 34 as if fully set forth herein.

27. In answering Paragraphs 36, 37, and 38 of Plaintiff's Complaint, Defendants admit only that Defendants Lake and Conrad are employees of the City of Phoenix Police Department and that to the extent that David Lake and Robert Conrad were acting in the course and scope of their employment the City of Phoenix is vicariously liable for their actions. However, Defendants affirmatively deny that David Lake and Robert Conrad engaged in any improper, tortious or unconstitutional conduct and affirmatively deny that Plaintiff is entitled to any judgment against any of the Defendants individually or collectively.

## COUNT SIX

### (City of Phoenix *Respondeat Superior* Liability)

28. In answering Paragraph 39 of Plaintiff's Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 38 as if fully set forth herein.

29. In answering Paragraphs 40, 41 and 42 of Plaintiff's Complaint, Defendants admit only that Defendants Lake and Conrad are employees of the City of Phoenix Police Department and that to the extent that David Lake and Robert Conrad

were acting in the course and scope of their employment the City of Phoenix is vicariously liable for their actions. However, Defendants affirmatively deny that David Lake and Robert Conrad engaged in any improper, tortious or unconstitutional conduct and affirmatively deny that Plaintiff is entitled to any judgment against any of the Defendants individually or collectively.

### **AFFIRMATIVE DEFENSES**

As and for an affirmative defense and in the alternative, Defendants assert:

1. Plaintiff's Complaint and each of its counts fail to state a claim upon which relief can be granted.

2. The individually named Defendants are entitled to the defense of *qualified immunity*.

3. Plaintiff failed to properly and timely serve a Notice of Claim on each of the Defendants all of which serve to bar any claims based on state law.

4. Defendants' actions were supported by probable cause.

5. Defendants' actions were supported by exigent circumstances.

6. Plaintiff consented to Defendants' actions.

7. Any actions that Defendants undertook were objectively reasonable under the circumstances then existing.

8. The individually named Defendants' actions are either conditionally or absolutely privileged.

9. To the extent that Plaintiff's Complaint seeks punitive damages against the individually named Defendants or the City of Phoenix for any state law based claims, said request is barred pursuant to A.R.S. §12-821.04.

9. To the extent that Plaintiff's Complaint seeks punitive damages against the City of Phoenix for any federal constitutional claims, said request is barred by *City of Newport v. Fact Concerts, Inc.*, 101 S.Ct. 2748 (1981).

10. To the extent that Plaintiff's Complaint seeks punitive damages against David Lake and Robert Conrad in their official, individual capacities, said damages are prohibited under *Smith v. Wade*, 103 S.Ct. 1625 (1983).

DATED this  22nd  day of February, 2007.

JONES, SKELTON & HOCHULI, P.L.C.


By  /s/ Erin E. Byrnes
    Georgia A. Staton
    Erin E. Byrnes
    2901 North Central Avenue, Suite 800
    Phoenix, Arizona  85012
    Attorneys for Defendants City of Phoenix,
    a political subdivision of the State of
    Arizona; David and Jane Doe Lake; Robert
    and Jane Doe Conrad

Original filed and copies of the foregoing mailed this  22nd  day of February, 2007 to:

Magistrate Judge Mark E. Aspey
United States District Court
123 N. San Francisco Street, Suite 200
Flagstaff, AZ 86001
928-774-2566

Robert J. Kavanagh, Esq.
Law Office of Robert J. Kavanagh, PLLC
51 West Elliot Road, Suite 109
Tempe, AZ  85284
*Attorney for Plaintiff*
480-831-3040
E-Mail: robertkavanagh@azbar.org


     /s/ Cheryl A. Savage

1725560.1
2/21/07

7